UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KAMI L. WHITMIRE,<br><br>      Plaintiff,<br><br> v.<br><br>PERDUE FOODS LLC, a Maryland limited liability company, and PERDUE FARMS, INC.,<br><br>      Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO:  Clerk of Court

AND TO: Plaintiff

AND TO: Plaintiff's Attorney of Record

  Defendant Perdue Foods LLC hereby removes to this Court the state court action described below. Perdue Foods LLC states the following grounds for removal:

**BACKGROUND**

  1. Plaintiff Kami Whitmire filed a civil action in the Superior Court of the State of Washington for Skagit County, where it was assigned cause number 21-2-0059-29 (the "State Court Action"). A copy of the Complaint is attached to this Notice of Removal.

  2. The Summons and Complaint were served on Perdue Foods LLC on February 16, 2021. The Complaint alleged no dollar amount of Ms. Whitmire's damages. On March 25, 2021, Ms. Whitmire served a Response to Request for Statement of Damages, asserting medical expenses

NOTICE OF REMOVAL - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131929.0003/8400994.1

of $28,516.25, wage loss of $125,729.78, unstated future wage loss and other expenses, and $1.5 million in general damages.

3.  Ms. Whitmire is a resident of Longview, Washington. Her voting records show registrations in Oregon and Washington and no other state. Accordingly, she is a U.S. citizen domiciled in either Washington or Oregon, and therefore a Washington or Oregon citizen for the purposes of 28 U.S.C. § 1332(a).

4.  Perdue Foods LLC is a limited liability company. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Perdue Foods LLC's sole member is Perdue Farms Inc. The state of incorporation and principal place of business for Perdue Farms Inc. is Maryland. Therefore, Perdue Foods LLC and Perdue Farms Inc. are both citizens of Maryland.

## JURISDICTION

2.  **Complete diversity.** Complete diversity exists when there is no "single plaintiff from the same State as a single defendant." *Exxon Mobil Cop. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005). Ms. Whitmire is a U.S. citizen domiciled in Washington or Oregon and therefore a citizen of Washington or Oregon. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). Perdue Foods, LLC and Perdue Farms Inc. are both citizens of Maryland. There is therefore diversity of citizenship under 28 U.S.C. § 1332(a) because Ms. Whitmire is a citizen of Washington or Oregon and defendants are citizens of Maryland.

3.  **Amount in controversy.** The amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). When the complaint does not state an amount in controversy making the case removable, this amount may be supplied in "the record of the State proceeding, or in responses to discovery." *See* 28 U.S.C. § 1446(c)(3)(A). Ms. Whitmire has served a statement asserting damages of over $1 million, including both special and

NOTICE OF REMOVAL - 2

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131929.0003/8400994.1

general damages, each in excess of the jurisdictional threshold. A statement of damages served in a Washington state court is "strong evidence of the amount in controversy." *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *2 (W.D. Wash. Oct. 1, 2019).

4. This Court has jurisdiction under 28 U.S.C. §1332 and 28 U.S.C. §1441 because the parties are completely diverse and the amount in controversy exceeds the jurisdictional threshold.

## PROCEDURAL REQUIREMENTS FOR REMOVAL

5. **Timeliness.** The removal procedure statute "provides two thirty-day windows during which a case may be removed." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 692 (9th Cir. 2005). The first window is "during the first thirty days after the defendant receives the initial pleading." *Id.* The second window is "during the first thirty days after the defendant receives a paper from which it may first be ascertained that the case is one which is or has become removable if the case stated by the initial pleading is not removable." *Id.* (quotations omitted). "[T]he first thirty-day period for removal in 28 U.S.C. § 1446(b) only applies if the case stated by the initial pleading is removable on its face." *Id.* at 694. "[I]nformation relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper'" when the initial pleading is not removable because the amount in controversy does not appear to exceed $75,000. 28 U.S.C. § 1446(c)(3)(A). Here, Perdue Foods LLC was served with a copy of the Summons and Complaint in the State Court Action on February 16, 2021. The Complaint did not contain a statement of Ms. Whitmire's alleged damages. Perdue Foods LLC requested a statement of damages from Ms. Whitmire, which she served on March 25, 2021. This statement of damages asserted an amount in controversy well above the jurisdictional threshold. Perdue Foods LLC files this notice of removal within thirty days of receiving this statement of damages and within one year of the commencement of the action. *See* 28 U.S.C. § 1446(b)(3), (c)(1). Accordingly, this Notice of Removal is timely. *See Thomason v. Walmart, Inc.*, No. 2:20-CV-480-RMP, 2021 WL 406598, at *4 (E.D. Wash. Feb. 5, 2021) ("The second thirty-day time period was triggered on December 2, 2020, when Plaintiff provided Walmart with his Statement

NOTICE OF REMOVAL - 3

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131929.0003/8400994.1

of Damages and responses to interrogatories, which Walmart had requested in the state court action.").

9. **Filed Documents.** As required by 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon defendant[s]" is included with this Notice of Removal. *See also* W.D. Wash. Local Civ. R. 101(b). Additional pleadings will be filed within the time limit specified by Local Civil Rule 101(c).

10. **Consent.** Counsel for Perdue Foods LLC represents both defendants in this action and states that Perdue Farms Inc. "consent[s] to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

11. **Signature.** This Notice of Removal is signed under Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

12. **Intradistrict Assignment.** The Skagit County Superior Court is located within the United States District Court for the Western District of Washington, *see* 28 U.S.C. § 128(b), and venue for this action is proper in this Court under 28 U.S.C. § 1441(a) because the Western District of Washington is the "district and division embracing the place where such action is pending." The Seattle Division is the appropriate Division of this Court because plaintiff filed the Complaint in Skagit County, Washington. *See* W.D. Wash. Local Civ. R. 3(e).

13. **Pleadings and process.** Notice of this removal will be filed with the Clerk of the Skagit County Superior Court, Cause No. 21-2-00059-29 and will be given to all other parties, in accordance with 28 U.S.C. §1446(d).

14. **No waiver.** By removing this action to this Court, Perdue Foods LLC does not waive any defenses, objections, or motions available to it under state or federal law.

NOTICE OF REMOVAL - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131929.0003/8400994.1

DATED: April 8, 2021

LANE POWELL PC

By: *s/ Jeffrey M. Odom*
Jeffrey M. Odom, WSBA No. 36168
1420 Fifth Avenue, Suite 4200
P.O. Box 91302
Seattle, Washington 98111-9402
Telephone: 206.223.7000
odomj@lanepowell.com

Attorneys for Defendants

By: *s/ Devon McCurdy*
Devon McCurdy, WSBA No. 52663
mccurdyd@lanepowell.com

NOTICE OF REMOVAL - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131929.0003/8400994.1

# CERTIFICATE OF SERVICE

I hereby certify that on April 8 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system.  The NEF for the foregoing specifically identifies recipients of electronic notice.  I hereby certify that the following document was sent to the following CM/ECF participant:

N/A

and I hereby certify that I sent via e-mail and have mailed by United States Postal Service the document to the following non-CM/ECF participants:

David A. Nelson, WSBA No. 19145
Nelson Law Firm, PLLC
1717 Olympia Way, Suite 204
Longview WA 98632
(360) 425-9400
dave@lighthouselaw.com

Executed on the 8th day of April, 2021, at Seattle, Washington.

*s/Kathryn Savaria*
Kathryn Savaria, Legal Assistant

NOTICE OF REMOVAL - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WASHINGTON 98111-9402
206.223.7000 FAX: 206.223.7107

131929.0003/8400994.1