UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

KAMI L. WHITMIRE,

Plaintiff,

v.

PERDUE FOODS LLC, PERDUE FARMS INC.,

Defendant.

CASE NO. 2:21-CV-469-RAJ-DWC

ORDER ON MOTION TO COMPEL

This matter comes before the Court on Defendant Perdue Foods, LLC and Perdue Farms Inc.'s ("Perdue") Motion to Compel. Dkt. 14. Having considered the parties' briefing and the relevant record, the Motion (Dkt. 14) is denied-in-part and granted-in-part.

**I. Background**

In the Complaint, Plaintiff Kami L. Whitmire alleges that she was injured on January 3, 2019, while performing maintenance activities at Perdue's facility located in Burlington, Washington as a part of her employment with Integrated Mechanical, Inc. Dkt. 1-2. Whitmire alleges she was walking on a catwalk and stepped on the edge of an iron plate that was either reversed, mis-installed, or mis-constructed resulting in injuries to her left ankle ("the Incident"). *Id*. at ¶¶ 3.6, 3.9. Whitmire alleges Perdue was negligent. *Id*. at ¶¶ 3.10-3.11.

On November 17, 2021, Perdue filed the pending Motion to Compel asserting Whitmire has failed to adequately respond to Interrogatories and Requests for Production ("RFP"). Dkt. 14.

**II. Discussion**

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve a discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1).

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*; *see also* Local Civil Rule ("LCR") 37.

Perdue requests the Court compel Whitmire to provide adequate responses to Interrogatory Nos. 5, 6, 8, and 12-14 and RFP Nos. 5, 6, 11, 14, 17, 18, 20, and 23. Dkt. 14.

1. Interrogatory Nos. 6 and 12-14 & RFP Nos. 5 and 6

Interrogatory No. 6 asks Whitmire to "state the name, address, and telephone number of each health care provider whom [she] consulted or from whom [she] received treatment after January 1, 2014[.]" Dkt. 14 at 7; Dkt. 15-12 at 5-6. Interrogatory No. 12 states, "For each part of [Whitmire's] body [she] allege[s] suffered an injury . . . arising from the Incident, please identify each injury . . . affecting that body part, that arose at any time before the Incident." Dkt. 14 at 8;

Dkt. 15-12 at 11. Interrogatory No. 13 asks Whitmire to "describe in detail [her] efforts to preserve electronically stored information related to the Incident, [her] alleged injuries, [her] alleged lost wages, and [her] alleged general damages." Dkt. 14 at 8; Dkt. 15-12 at 12. In Interrogatory No. 14, Perdue asks Whitmire to "describe in detail [her] efforts to collect and review Documents that may be responsive to the requests for production[.]" Dkt. 14 at 9; Dkt. 15-12 at 12.

RFP No. 5 asks Whitmire for a complete log of all activity after January 1, 2017 stored on "each fitness device in [her] custody, possession, or control, that [she] used, including any health application on a mobile phone, any pedometer, any wearable device . . , or any exercise equipment that records activity[.]" Dkt. 14 at 10; Dkt. 15-12 at 14. RFP No. 6 asks Whitmire for "a complete copy of the website information [from certain social media accounts] . . . relating to or depicting . . . the Incident; this lawsuit; or [her] damages, including [her] pre-Incident and post-Incident physical activity, hobbies, interests, entertainment, work, medical condition, and medical care." Dkt. 14 at 11; Dkt. 15-12 at 13.

In her Response to the Motion to Compel, Whitmire states she served supplemental responses to Interrogatory Nos. 6 and 12-14 after the Motion to Compel was filed. Dkt. 19. Further, regarding RFP Nos. 5 and 6, Whitmire states she has provided Perdue with her username and passwords to her social media accounts and is willing to have a forensic analysis completed on her phone. *Id.* at 5-6.

At this time, the evidence shows the parties are still engaged in the discovery process regarding Interrogatory Nos. 6 and 12-14 and RFP Nos. 5 and 6. As of November 30, 2021, Whitmire was still providing discovery responses to Perdue regarding Interrogatory Nos. 6 and 12-14. Further, it appears Whitmire has now provided passwords and offered to have her phone reviewed by a forensic analyst. The parties dispute if Whitmire has provided her passwords (Dkt.

19, 22). In addition, the parties dispute who should be required to pay for any expert analysis of Whitmire's phone or social media accounts. However, there is no indication the parties conferred regarding (1) whether the supplemental responses sufficiently addressed Perdue's concerns, (2) whether the social media passwords and usernames have been provided to Perdue; and (3) the cost-sharing of a forensic analysis of Whitmire's phone.

In sum, there is no indication the parties have discussed the discovery disputes following Whitmire's additional discovery responses to see if the parties can reach a resolution without this Court's involvement. While Perdue raises objections to the supplemental information in its Reply, these objections are not properly before the Court nor have the parties met and conferred regarding the new discovery responses. *See Jafari v. F.D.I.C.*, 2014 WL 7176460, at *4 (S.D. Cal. Dec. 5, 2014) (denying a motion to compel where the relief sought in the motion – discovery responses – were provided after the motion was filed and finding disputes raised for the first time in the reply were not properly before the Court, nor had the parties conferred regarding the issues raised in the reply); *see also Advanced Hair Restoration, LLC v. Hair Restoration Centers, LLC*, 2018 WL 828213, at *2 (W.D. Wash. Feb. 12, 2018) (denying motion to compel where "[t]here is no evidence that the parties reached an impasse in their discussions" and defendant was "attempting in good faith to resolve the discovery dispute outside of Court by producing the requested records").

Accordingly, Perdue's request for the Court to compel additional answers to Interrogatory Nos. 6 and 12-14 & RFP Nos. 5 and 6 is denied. Perdue may file a renewed motion to compel regarding Whitmire's responses to the discovery requests, if necessary, after meeting and conferring in good faith with Whitmire.

2. Interrogatory No. 5

In Interrogatory No. 5, Perdue asks Whitmire to "state the name, address, and telephone number of each person who witnessed the Incident or *whom you spoke to within the first half-hour following the incident*." Whitmire responded by naming only Jarrod Schermerhorn. Dkt. 15-12 at 5. Perdue states this is incorrect because, in Interrogatory No. 1, Whitmire stated she also told "Jeremy and Josh" that she hurt her ankle. Dkt. 14 at 7; *see* Dkt. 15-12 at 4. Whitmire does not address whether she spoke with "Jeremy and Josh" within 30 minutes of the Incident. *See* Dkt. 19. Therefore, Perdue's request to supplement Interrogatory No. 5 is granted as follows: if Whitmire spoke with "Jeremy and Josh" within 30 minutes following the Incident, she must provide the names, addresses, and telephone numbers for "Jeremy" and "Josh."

3. Interrogatory No. 8

Interrogatory No. 8 asks Whitmire to "list all social media or networking sites for which [she has] created, maintained, or deleted a user account at any point since January 1, 2014[.]" Dkt. 15-12 at 8. Perdue contends Whitmire did not disclose a Twitter account that Perdue found through a public search. Dkt. 14 at 7. Whitmire states the Twitter account was an account where Whitmire was paid to promote Perdue chicken and Perdue has access to it as it is public. Dkt. 19 at 4-5. Whitmire states there is nothing else to produce. Dkt. 19. The Court notes Interrogatory No. 8 does not limit the request to only social media accounts that reference Perdue or the incident, nor does Whitmire object to the scope of Interrogatory No. 8. *See* Dkt. 15-12 at 8; Dkt. 19. Therefore, Perdue's request for an additional response to Interrogatory No. 8 is granted as follows: Whitmire is directed to supplement her response to Interrogatory No. 8 to include information regarding her Twitter account and any other accounts that have not been disclosed.

4. <u>RFP No. 11</u>

In RFP No. 11, Perdue requests "all Documents, including personal notes, diaries, letters, emails, text messages, and posts and messages on social media platforms, created after January 1, 2014, relating to [Whitmire's] physical and mental diagnosis, treatment, injuries, conditions, or complaints." Dkt. 14 at 11; Dkt. 15-12 at 16. Whitmire responded "None." Dkt. 15-12 at 16. Perdue only asserts that it does not believe Whitmire could have incurred pain and suffering damages of $1.5 million without creating any documents. Dkt. 14 at 11. Whitmire did not provide the Court with an explanation regarding her search methods, and thus, the Court cannot determine whether she has indeed conducted a thorough search and whether she could locate and produce materials responsive to RFP No. 11. Therefore, Perdue's request for an additional response to RFP No. 11 is granted as follows: Whitmire is directed to ensure she has no documents in her possession that should be produced in response to RFP No. 11. She must produce any documents she finds and she must provide an explanation to Perdue regarding her search methods in attempting to locate additional documents.

5. <u>RFP No. 14</u>

RFP No. 14 requests "all Documents relating to [Ms. Whitmire's] employment at Integrated Mechanical, Inc. created after January 1, 2014, including without limitation all emails, text messages, social media posts, or instant messages, whether or not authored by [her]." Dkt. 14 at 11; Dkt. 15-12 at 17. Whitmire stated she was obtaining her employment file and would produce it. Dkt. 15-12 at 17

Perdue asserts RFP No. 14 extends beyond Whitmire's employment file. *See* Dkt. 14. The Court finds communications and other documents Whitmire sent or received about her job may provide relevant information concerning whether she actually missed time at work, was paid less

because of it, or if her job performance suffered. *See e.g. Weber v. Conway Trans. Servs., Inc.*, 17-CV-832S(SR), 2019 WL 188236, at *1-2 (W.D.N.Y. Jan. 14, 2019) (finding that to the extent that Plaintiff claimed his injury affected his ability to perform his job duties, Defendants were entitled to obtain employment records documenting the extent and duration of Plaintiff's limitations). Therefore, documents that extend beyond Whitmire's employment file are discoverable and must be produced in response to RFP No. 14.

Accordingly, Perdue's request for an additional response to RFP No. 14 is granted as follows: Whitmire is directed to ensure she has no documents in her possession that should be produced in response to RFP No. 14. She must produce any documents she finds and she must provide an explanation to Perdue regarding her search methods in attempting to locate additional documents.

6. RFP No. 17

In RFP No. 17, Perdue asks for "all Documents created at any time relating to or describing the Incident or the damages [Whitmire] allege[s] arose from the Incident, including without limitation, all emails, text messages, social media posts, or instant messages, whether or not authored by [Whitmire]." Dkt. 14 at 11; Dkt. 15-12 at 18. Whitmire provided two formal witness statements. Dkt. 15-12 at 36-38. Whitmire did not respond to Perdue's request that the Court compel an additional response to RFP No. 17. *See* Dkt. 19.

Whitmire only provided two witness statements in response to RFP No. 17. It is not clear from Whitmire's response to RFP No. 17 if she responded to the request in full. As Whitmire has not challenged the request, Perdue's request for a supplemental response to RFP No. 17 is granted as follows: the Court directs Whitmire to produce all documents responsive to RFP No. 17, not just formal witness statements. If Whitmire contends she has no additional documents to produce, she

must provide an explanation to Perdue regarding her search methods in attempting to locate additional documents.

   7. RFP No. 18

RFP No. 18 asks for "all Documents created at any time relating to Defendants, including without limitation, all emails, text message, social media posts, or instant messages." Dkt. 14 at 12; Dkt. 15-12 at 18. Whitmire responded stating she would produce emails with Integrated Mechanical, her employer at the time of the Incident. Dkt. 15-12 at 18.

Perdue contends Whitmire has narrowed the scope of RFP No. 18 by limiting her response to emails between herself and her employer. Dkt. 14 at 12. In Response, Whitmire asserts the only emails relating to Perdue are emails to her employer. Dkt. 19 at 6. Whitmire has stated there are no other documents to produce and Perdue has not shown Whitmire has documents she is failing to produce. Whitmire, however, has again not explained to the Court her search methods in determining she has no additional documents to produce. Therefore, Perdue's request for an additional response to RFP No. 18 is granted as follows: Whitmire is directed to ensure she has no additional documents in her possession that should be produced in response to RFP No. 18. She must produce any documents she finds and she must provide an explanation to Perdue regarding her search methods in attempting to locate additional documents.

   8. RFP No. 20

In RFP No. 20, Perdue asks Whitmire to produce "all Documents relating or referring to [her] medical providers . . . Whitmire consulted or received treatment from for injuries . . . [she] allege[s] arose from the Incident, including without limitation, all letters, emails, text messages, social media posts, or instant messages, whether or not authored by [Whitmire]" for the period

after January 1, 2019. Dkt. 15-12 at 18-19. In response, Whitmire stated these documents had been previously provided. *Id*. at 19.

In the Motion to Compel, Perdue states that messages Whitmire exchanged with her friends and family about her injuries and care bear on her claim for medical expenses and general damages. Dkt. 14 at 12. Perdue contends Whitmire narrowed her response only to medical records. *Id*. In Response to the Motion, Whitmire states Perdue has access to her social media accounts and can conduct a forensic analysis on Whitmire's phone. Dkt. 19 at 6. Whitmire also states the lack of documents are due to her employer instructing her not to comment on Perdue. *Id*.

RFP No. 20 specifically requests documents related to Whitmire's medical providers. It appears Perdue is now attempting to broaden the scope of RFP No. 20 to include all communications Whitmire had with friends and family related to her alleged injuries. The Court declines to expand the scope of RFP No. 20. Perdue has not shown additional documents exist or that Whitmire discussed her injuries or care with friends or family through email, electronic messages, or social media as related to her medical providers. However, Whitmire has not explained to the Court her search methods in determining she has no additional documents to produce. As such, the Court cannot determine if Whitmire's response to RFP No. 20 is complete. Therefore, Perdue's request for an additional response to RFP No. 20 is granted as follows: Whitmire is directed to ensure she has no additional documents in her possession that should be produced in response to RFP No. 20 as written. She must produce any documents she finds and she must provide an explanation to Perdue regarding her search methods in attempting to locate additional documents.

9. <u>RFP No. 23</u>

RFP No. 23 requests Whitmire "produce all Documents relating or referring to the Washington Department of Labor and Industries or any of its contractors, agents, or employees, including without limitation, all letters, emails, text messages, social media posts, or instant messages, whether or not authored by [Whitmire]" for the period after January 1, 2014. Dkt. 15-12 at 20. Whitmire provided copies of liens and stated that all other documents would be available through the Washington Department of Labor and Industries. *Id*.

Perdue states any messages Whitmire exchanged with family and friends about the investigation into her claim are relevant in this case. Dkt. 14 at 12. Whitmire, in her Response to the Motion, states her "response is adequate." Dkt. 19 at 6. As with the above discussed RFPs, Perdue has not shown additional documents exist that are responsive to RFP No. 23 and Whitmire has not explained her search methods. Therefore, Perdue's request for an additional response to RFP No. 23 is granted as follows: Whitmire is directed to ensure she has no additional documents in her possession that should be produced in response to RFP No. 23. She must produce any documents she finds and she must provide an explanation to Perdue regarding her search methods in attempting to locate additional documents. The Court notes Perdue has not shown it is unable to subpoena documents from the Washington Department of Labor and Industries that are not in Whitmire's possession.

## III. Attorney Fees

Perdue requests attorney fees for bringing the Motion to Compel. Dkt. 14. When a motion to compel is granted, sanctions in the form of "reasonable expenses" which includes attorney fees must be awarded against the party and attorney whose conduct necessitated the discovery motion. Fed. R. Civ. P. 37(a)(5)(A). The presumption in favor of such awards serves a

"deterrent function by discouraging unnecessary involvement by the court in discovery." *Marquis v. Chrysler Corp*., 577 F.2d 624, 642 (9th Cir. 1978). But the Court must not order payment if the movant did not make a good faith attempt to confer, nondisclosure was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, the Motion to Compel is granted-in-part and denied-in-part. The Court finds Whitmire delayed in providing discovery responses and did not file some supplemental responses until after the Motion to Compel was filed. However, Whitmire and her counsel experienced medical problems that resulted in their unavailability. Moreover, the Court finds Perdue has not shown Whitmire's responses to discovery were unreasonable. Rather, for the majority of the discovery disputes, Perdue simply believes, without evidence, that Whitmire has not produced all documents in her possession. Therefore, the Perdue's request for attorneys' fees and costs associated with bringing the Motion to Compel is denied. The Court cautions Whitmire and her counsel that a pattern of ignoring deadlines and failing to respond to basic discovery requests is unacceptable and may result in sanctions.

## IV. Conclusion

For the above stated reasons, Perdue's Motion to Compel (Dkt. 14) is granted-in-part and denied-in-part as follows:

1. Perdue's request for the Court to compel additional answers to Interrogatory Nos. 6 and 12-14 & RFP Nos. 5 and 6 is denied;
2. Perdue's request to supplement Interrogatory No. 5 is granted as follows: if Whitmire spoke with "Jeremy and Josh" within 30 minutes following the Incident, she must provide the names, addresses, and telephone numbers for "Jeremy" and "Josh;"
3. Perdue's request for an additional response to Interrogatory No. 8 is granted as follows: Whitmire is directed to supplement her response to Interrogatory No. 8 to include information regarding her Twitter account and any other accounts that have not been disclosed; and

4.  Perdue's request for an additional response to RFP Nos. 11, 14, 17, 18, 20, and 23 are granted as follows: Whitmire is directed to ensure she has no documents in her possession that should be produced in response to RFP Nos. 11, 14, 17, 18, 20, and 23. She must produce any documents she finds and she must provide an explanation to Perdue regarding her search methods in attempting to locate additional documents.

Perdue's request for attorneys' fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5) is denied. The parties are directed to meet and confer to resolve any future discovery disputes.

Whitmire is directed to comply with this Order by **January 21, 2022**.

Dated this 6th day of January, 2022.

David W. Christel
United States Magistrate Judge