UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KAMI L. WHITMIRE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PERDUE FOODS LLC, PERDUE FARMS INC.,<br><br>　　　　　Defendants. | CASE NO. 2:21-CV-469-RAJ-DWC<br><br>ORDER ON SECOND MOTION TO COMPEL |

This matter comes before the Court on Defendant Perdue Foods, LLC and Perdue Farms Inc.'s ("Perdue") Second Motion to Compel. Dkt. 26. Having considered the parties' briefing and the relevant record, the Motion (Dkt. 26) is granted-in-part and denied-in-part.

**I.　　Background**

In the Complaint, Plaintiff Kami L. Whitmire alleges that she was injured on January 3, 2019, while performing maintenance activities at Perdue's facility located in Burlington, Washington as a part of her employment with Integrated Mechanical, Inc. Dkt. 1-2. Whitmire alleges she was walking on a catwalk and stepped on the edge of an iron plate that was either reversed, mis-installed, or mis-constructed resulting in injuries to her left ankle. *Id*. at ¶¶ 3.6, 3.9. Whitmire alleges Perdue was negligent. *Id*. at ¶¶ 3.10-3.11.

On November 17, 2021, Perdue filed a motion to compel asserting Whitmire failed to adequately respond to Interrogatories and Requests for Production ("RFP"). Dkt. 14. The Court granted-in-part and denied-in-part the first motion to compel. Dkt. 24. On March 3, 2022, Perdue filed the pending Second Motion to Compel. Dkt. 26. Based on information in the Motion and responses, the Court directed the parties to meet and confer and provide a status report. Dkt. 34. The parties filed the status report on May 11, 2022. Dkt. 35.

**II.     Discussion**

The Court strongly disfavors discovery motions and prefers that the parties resolve discovery issues on their own. However, if the parties are unable to resolve a discovery dispute, the requesting party may move for an order to compel. Fed. R. Civ. P. 37(a)(1).

A party may obtain discovery regarding any nonprivileged information that is relevant to any claim or defense in his or her case. Fed. R. Civ. P. 26(b)(1). Once the party seeking discovery has established the request meets this relevancy requirement, "the party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." *Bryant v. Ochoa*, 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). When a party believes the responses to his discovery requests are incomplete, or contain unfounded objections, he may move the court for an order compelling disclosure. Fed. R. Civ. P. 37. The movant must show he conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. *Id.*; *see also* Local Civil Rule ("LCR") 37.

Perdue requests the Court compel Whitmire to: provide access to Whitmire's Facebook account; provide adequate responses to RFP No. 9; adequately search her electronically stored information; and pay for the cost of a forensic examination of her phone. *See* Dkt. 35 (detailing matters that remain in dispute); *see also* Dkt. 26.

ORDER ON SECOND MOTION TO COMPEL - 2

1. Access to Facebook

Perdue seeks access to Whitmire's social media accounts. Dkt. 35. Perdue requests Whitmire attempt to re-activate her Facebook account that was created in 2019 and deleted in March 2021 ("first Facebook account"). *Id*. Whitmire does not challenge the request for access to her first Facebook account. *Id*. She states only that she attempted to re-activate her first Facebook account, but has not been able to do so.

While the Court recognizes Whitmire has attempted to re-activate her first Facebook account, Perdue's request is granted as follows: Whitmire shall take all steps necessary to provide Perdue access to the first Facebook account, including attempting to re-activate the account and providing Perdue with reasonable access to the account. If Whitmire is unable to re-activate her first Facebook account, she shall provide a sworn declaration to Perdue detailing the steps she took to attempt to re-activate the account.

2. Response to RFP No. 9

RFP No. 9 requests Whitmire produce "all Documents created after January 1, 2017, relating to [her] physical activity, hobbies, and recreation." Dkt. 15-1 at 10. Perdue states Whitmire produced her phone for a forensic examination and produced several recent photographs; however, she "has not produced other documents responsive to [RFP] No. 9, to the extent she has them." Dkt. 35 at 2. Perdue has not shown other documents exist. *See* Dkt. 26, 27, 30, 35. Whitmire states she continues to update her response to RFP No. 9. Dkt. 35.

Perdue's request for an adequate response to RFP No. 9 is granted. Whitmire must produce all documents she has access to that are responsive to RFP No. 9. Whitmire shall provide a sworn declaration to Perdue explaining the steps she took to respond to RFP No. 9.

ORDER ON SECOND MOTION TO COMPEL - 3

      3.   <u>Searches of Electronically Stored Information</u>

Perdue requests Whitmore be compelled to search her electronically stored information using certain search terms. Dkt. 35 at 3. Whitmire states she understood that producing her phone for forensic evaluation would satisfy the request and will now search her e-mail per the terms requested by Perdue. *Id*.

As Whitmire states she will conduct the search, Perdue's request is granted as follows: Whitmire shall conduct a search of certain electronically stored information using search terms that Whitmire previously used and the following terms: "trip," "tripped," "fall," "fell," "catwalk," "cat walk," "scaffolding," "Cargill," "IMI," "Burlington," "rehab," "rehabilitation," "therapy," "PT," "surgery," "nerve," "neuropathy," "neurologist," "lawsuit," "gold," "hike," "hiking," "fish," "fishing," "gym," "exercise." Whitmire shall augment this list with further terms related to her hobbies and recreation.

Whitmire may exclude from her searches: (a) electronically stored information contained in social media accounts to which she has provided Perdue access; and (b) electronically stored information contained on the cellular telephone Whitmire produced to Perdue for collection. Whitmire must conduct searches of all her other reasonably accessible electronically stored information, including emails. All searches shall be disjunctive. Whitmire must produce all responsive documents and submit a sworn declaration to Perdue detailing her search methods in locating responsive documents.

      4.   <u>Payment of Forensic Evaluation</u>

Perdue requests the Court order Whitmire to pay the cost of the forensic examination of her telephone. Dkt. 35 at 3. While the record is not clear, the record indicates Whitmire submitted her phone for a forensic examination because she thought it was the best way for

ORDER ON SECOND MOTION TO COMPEL - 4

Perdue to obtain the discovery requested that was on her phone. *See* Dkt. 19 at 5. There is some indication Whitmire did not want to undertake the requested searches of her phone and found it would be easier to respond to discovery by submitting her phone for a forensic examination. *Id*. However, it also appears Whitmire offered to allow her phone to be searched in an effort to appease Perdue's continued requests for additional information and searches. As the record is not clear that the forensic examination was necessary due to Whitmire's failure to properly conduct a search or disclose discovery, the Court declines to require Whitmire to pay for the forensic examination. *See Krishnan v. Cambia Health Solutions, Inc.*, 2021 WL 3129940, *5 (W.D. Wash. July 23, 2021) (requiring the plaintiff to pay for a forensic examination of her phone where the plaintiff failed to properly disclose communications and withheld information).

### III.   Attorney Fees

Perdue requests attorney fees for bringing the Second Motion to Compel. Dkt. 26, 35. When a motion to compel is granted, sanctions in the form of "reasonable expenses" which includes attorney fees must be awarded against the party and attorney whose conduct necessitated the discovery motion. Fed. R. Civ. P. 37(a)(5)(A). The presumption in favor of such awards serves a "deterrent function by discouraging unnecessary involvement by the court in discovery." *Marquis v. Chrysler Corp.*, 577 F.2d 624, 642 (9th Cir. 1978). But the Court must not order payment if the movant did not make a good faith attempt to confer, nondisclosure was substantially justified, or other circumstances make an award unjust. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Here, the Second Motion to Compel is granted-in-part and denied-in-part. The Court finds Whitmire delayed in providing discovery responses and did not file some supplemental responses until after the Second Motion to Compel was filed or until after the Court directed the

parties to file a status report. Moreover, the Court previously ordered Whitmire to produce requested discovery and cautioned Whitmire and her counsel that a pattern of ignoring deadlines and failing to respond to basic discovery requests is unacceptable and may result in sanctions. Dkt. 24. However, it is not clear from the record that all Whitmire's responses to Perdue's requests were unreasonable. Further, Perdue continues to require supplemental information and contends Whitmire has not done enough. Perdue is asking for extensive discovery and simply believes, without evidence, that Whitmire has not produced all documents in her possession regarding several disputes.

Therefore, the Court finds a partial award for attorneys' fees and costs associated with bringing the Second Motion to Compel is warranted. Whitmire is directed to pay $1,000.00 in attorney fees.

**IV.    Conclusion**

For the above stated reasons, Perdue's Second Motion to Compel (Dkt. 26) is granted-in-part and denied-in-part as follows:

1. Perdue's request for Whitmire to provide access to her first Facebook account is granted. Whitmire shall take all steps necessary to provide Perdue access to the first Facebook account, including attempting to re-activate the account and providing Perdue with reasonable access to the account. If Whitmire is unable to re-activate her first Facebook account, she shall provide a sworn declaration to Perdue detailing the steps she took to attempt to re-activate the account.

2. Perdue's request for a response to RFP No. 9 is granted. Whitmire is directed to produce all documents she has access to that are responsive to RFP No. 9. Whitmire shall provide a sworn declaration to Perdue explaining the steps she took to respond to RFP No. 9.

3. Perdue's request that Whitmire be compelled to search her electronically stored information using certain search terms is granted. Whitmire must complete the searches as detailed in this Order, produce all responsive documents, and submit a sworn declaration to Perdue detailing her search methods in locating responsive documents.

4. Perdue's request for the Court to order Whitmire to pay the cost of the forensic examination of her telephone is denied.

5. Perdue's request for attorneys' fees and expenses pursuant to Fed. R. Civ. P. 37(a)(5) is granted-in-part. Whitmire is directed to pay $1,000.00 in attorney fees.

6. All other requests in the Second Motion to Compel are denied.

On or before **June 3, 2022**, Whitmire must comply with the discovery requirements detailed in this Order. On or before **June 30, 2022**, Whitmire must pay the $1,000.00 attorney fee award.

Dated this 20th day of May, 2022.

_[signature]_
David W. Christel
United States Magistrate Judge